**Philip BAILEY, Petitioner,**

v.

**STATE of Oklahoma, Appellee.**

**No. C–85–301.**

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1987.

Gloyd McCoy, Asst. Public Defender, Norman, for petitioner.

## OPINION

BUSSEY, Judge:

The petitioner, Philip Bailey, was charged with three (3) counts of Delivery of Controlled Drugs, After Former Conviction of a Felony, Case Nos. CRF–84–3256, 3257 and 3259, Possession of Controlled Drugs, After Former Conviction of a Felony, Case No. CRF–84–3733, and Resisting an Officer, Case No. CRM–84–1608. On December 11, 1984, petitioner pled guilty to all five charges. On February 22, 1985, the trial court sentenced petitioner to twenty-five (25) years on each of the four (4) felony charges, the sentences to run concurrently. Petitioner was also sentenced to one (1) year in the county jail on the Resisting an Officer charge.

For his second assignment of error petitioner asserts that the trial court erred in not allowing him to withdraw his pleas of guilty because the trial judge failed to follow a plea bargain agreement. We agree. Petitioner's guilty pleas were based on plea negotiations with the District Attorney for fifteen (15) years on each count to run concurrent. However, at the sentencing hearing, the trial court sentenced petitioner to twenty-five (25) years on each count to run concurrent. The trial judge stated his reason for not following the initial fifteen (15) year sentence recommendation:

> It is my understanding, Counsellor, and the record should also reflect, that you jumped bond, apparently because you didn't show at the last date this case was set for sentencing; is that not correct? ... Well, you failed to appear on the date that you were to be here for sentencing; is that not correct? And, also, further, did I not state on that day, Mr. Bailey, that any agreement you had with the State, if you failed to appear on the date of sentencing would not be available to you at a subsequent time; do you recall that? That was on the record. (S.Tr. 2–3)

We are of the opinion that the trial court's action was erroneous. Initially, we note that the record does not reflect that the trial judge informed petitioner that if he failed to appear at the sentencing hearing the plea agreement would not be available. Moreover, Bail Jumping is a separate offense and the trial court cannot add time to a defendant's plea bargain agreement simply because he allegedly committed another offense before sentencing. Where, as in the instant case, a defendant enters a plea of guilt based upon a plea bargain agreement, he must be allowed to withdraw his plea if the judge declines to follow the recommended sentence. *King v. State*, 553 P.2d 529, 536 (Okl.Cr.1976).

Accordingly, the writ of certiorari is GRANTED, and this matter is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

PARKS, P.J., and BRETT, J., concur.