Larry Allen WHITE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. PC–89–331.

Court of Criminal Appeals of Oklahoma.

May 19, 1989.

As Corrected July 7, 1989.

ORDER GRANTING
POST–CONVICTION
RELIEF

Petitioner sought Post–Conviction Relief in the District Court of McClain County in

Case No. CRF–84–28, and relief was denied by the trial court. Appellant has perfected this appeal purusuant to the Post–Conviction Procedure Act, 22 O.S.1981, § 1087.

On October 16, 1985, Appellant pled guilty to the felony charge of Manslaughter in the First Degree. As the result of this plea, the Appellant was sentenced to serve an indeterminate term of not less than five years nor more than life in the custody of the Department of Corrections.

 Appellant contends that this sentence is not valid because the imposing of a maximum sentence of not more than life violates the provisions of title 57 O.S.1981, § 353. This section provides:

> In all cases where a sentence of imprisonment in the penitentiary is imposed, the court in assessing the term of the confinement may fix a minimum and a maximum term, both of which shall be within the limits now or hereafter provided by law as the penalty for conviction of the offense. *The minimum term may be less than, but shall not be more than, one-third of the maximum sentence imposed by the Court.* (emphasis added)

In order to determine whether the sentence imposed in this case meets the requirements of 57 O.S.1981, § 353, we must determine whether five (5) years is less than ⅓ of a life sentence. We find no statutory authority or case law instructing this Court as to how to calculate one-third of a life sentence. Since one-third of a life sentence cannot be calculated, we find that the trial court may not set an indeterminate sentence where a life sentence is the maximum imposed. Therefore, Appellant's conviction must be vacated.

 Having decided that the trial court erred in imposing this sentence upon Appellant's plea, we must next determine the procedure to be used to rectify the error. Title 22 O.S.1981, § 1085 provides:

> If the court finds in favor of the applicant, it shall vacate and set aside the judgment and sentence and discharge or resentence him or grant a new trial or correct or modify the judgment and sen-

tence as may appear appropriate. The court shall enter any supplementary orders as to rearraignment, retrial, custody, bail, discharge, or other matters that may be necessary and proper.

This section outlines the alternatives available to the trial court had it properly granted the Post–Conviction Relief.

We therefore REVERSE the Order of the trial court denying the Petitioner Post–Conviction Relief and REMAND this matter to the District Court of McClain County with directions to vacate the judgment and sentence and determine disposition of this matter in compliance with § 1085.

IT IS SO ORDERED.

BRETT, P.J., PARKS, V.P.J., and LANE and LUMPKIN, JJ., concur.