Jake UNDERWOOD, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–89–1211.

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1990.

## ORDER AFFIRMING DENIAL OF POST–CONVICTION RELIEF

On November 22, 1989, petitioner appealed to this Court from an order of the Tulsa County District Court which denied his application for post-conviction relief. In support of his request, petitioner alleges that his sentence in Case No. CRF–79–3327 is unconstitutional and must be modified to the minimum. The facts reveal that petitioner was convicted by jury of the crime of Second Degree Murder on April 16, 1980. In accordance with the jury's recommendation, petitioner was given an indeterminate sentence of not less than fifteen (15) years nor more than thirty years imprisonment. Petitioner argues that an indeterminate sentence is not permitted under 21 O.S. Supp.1976, § 701.9(B) (now 21 O.S.Supp. 1987, § 701.9(B)), and asks this Court to modify his sentence to a term of fifteen (15) years imprisonment.

At the time petitioner committed this crime (November 2, 1979) and was sentenced, 22 O.S.Supp.1975, § 701.4, which mandated an indeterminate sentence for the crime of Murder in the Second Degree, had been repealed by the Oklahoma Legislature. Sentencing was then governed by 21 O.S.Supp.1976, § 701.9(B). We agree with petitioner that Section 701.9(B), which remains in force, does not authorize an indeterminate sentence. However, indeterminate sentences are permitted under 57 O.S.Supp.1987, § 353. This section, which is a verbatim reenactment of 57 O.S.1971, § 353, was in force at the time petitioner committed the crime and was sentenced.

Section 353 provides in part that "[t]he minimum term [of an indeterminate sentence] may be less than, but shall not be

**708**

more than, one third (⅓) of the maximum sentence imposed by the court." In *White v. State*, 774 P.2d 1072 (Okl.Cr.1989), the appellant pled guilty to a felony charge of First Degree Manslaughter and was sentenced, by the trial court, to serve an indeterminate term of not less than five (5) years nor more than life imprisonment. On appeal, this Court held that no authority existed which would guide us in calculating one-third of a life sentence. Consequently, White's sentence was vacated. *Id.*

In the present case, it is readily apparent that the minimum term of petitioner's indeterminate sentence, fifteen (15) years, is more than on third (⅓) of the maximum of thirty (30) years which he received. Had petitioner been sentenced by the trial court we would find that such sentence is violative of the aforestated provision. However, § 353 further provides:

[T]he terms of this act shall not limit or alter the right in trials in which a jury is used for the jury to assess the penalty of confinement and fix a minimum and maximum term of confinement, so long as the maximum confinement be not in excess of the maximum term of confinement provided by law for conviction of the offense.

In interpreting the aforestated statute, we hold that § 353 cannot be used in conjunction with 21 O.S.1981, § 701.9(B), where a maximum sentence of life imprisonment is imposed by the *trial court* or where the *trial court* has imposed a minimum term in excess of one third (⅓) of the maximum term. However, § 353 clearly enunciates that its provisions are not limited or altered where a *jury* "assess[es] the penalty of confinement...." We therefore hold that § 353 may be used in conjunction with § 701.9(B) where a maximum sentence of life imprisonment is imposed by the *jury* or where the *jury* has imposed a minimum term in excess of one third (⅓) of the maximum term.

In that petitioner herein was sentenced by jury, and because the maximum term of his indeterminate sentence is not in excess of the maximum term of confinement provided by 21 O.S.Supp.1976,

§ 701.9(B), we find that petitioner was properly sentenced. Accordingly, we hold that the district court's Order Denying Application for Post–Conviction Relief should be, and the same hereby is, AFFIRMED.

IT IS SO ORDERED.

LANE, Vice P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.