**Ronald Dean MURRAY,
Petitioner–Appellant,**

v.

**Jack COWLEY, Warden; and Attorney
General, State of Oklahoma,
Respondents–Appellees.**

No. 89–6436.

United States Court of Appeals,
Tenth Circuit.

Sept. 5, 1990.

Rehearing Denied Oct. 29, 1990.

Ronald Dean Murray, pro se.

Robert H. Henry, Atty. Gen., and A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, Okl., for respondents-appellees.

Before LOGAN, SEYMOUR and TACHA, Circuit Judges.

**TACHA, Circuit Judge.**

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Ronald Dean Murray appeals from the district court's order denying his petition for a writ of habeas corpus. Murray contends that the district court erred in finding no equal protection violation in the Oklahoma courts' refusal to reduce his indeterminate ten year to life sentence to ten years. The district court also denied Murray's motion for permission to proceed in forma pauperis and a certificate of probable cause. We dismiss the appeal.

## I.

Murray was convicted of second degree murder on November 26, 1975. At the time of sentencing, Oklahoma law provided:

> Every person convicted of murder in the second degree shall be punished by imprisonment in the State Penitentiary for not less than 10 (10) years nor more than life. The trial court *shall set an indeterminate sentence* in accordance with this section upon a finding of guilty by the jury of murder in the second degree.

Okla.Stat.Ann. tit. 21, § 701.4 (repealed in 1976) (emphasis added). In 1976, section 701.4 was repealed and replaced by new section 701.9, which provides:

> A person who is convicted of or pleads guilty or nolo contendere to murder in the second degree shall be punished by imprisonment in a state penal institution for not less than ten (10) years nor more than life.

*Id.* tit. 21, § 701.9 (1983).

Also pertinent to Murray's contentions are the general indeterminate sentencing provisions:

> In all cases where a sentence of imprisonment in the penitentiary is imposed, the court in assessing the term of the confinement may fix a minimum and a maximum term, both of which shall be within the limits now or hereafter provided by law as the penalty for conviction of the offense. The minimum term may be less than, but shall not be more than, one-third (⅓) of the maximum sentence imposed by the court....

*Id.* tit. 57, § 353 (1984).

In *White v. State*, 774 P.2d 1072 (Okla. Crim.App.1989), the Oklahoma Court of Criminal Appeals ruled that an indeterminate sentence of five years to life imprisonment violated section 353:

> We find no statutory authority or case law instructing this Court as to how to calculate one-third of a life sentence. Since one-third of a life sentence cannot be calculated, we find that the trial court may not set an indeterminate sentence where a life sentence is the maximum imposed. Therefore, Appellant's conviction must be vacated.

*Id.* at 1072.

## II.

Against this background, Murray argues that after *White* prisoners who received indeterminate ten years to life sentences under new section 701.9 have had their sentences reduced to the statutory minimum in a series of unpublished opinions by the Oklahoma Court of Criminal Appeals. By analogy, Murray contends that the Oklahoma courts' failure similarly to reduce his sentence violates equal protection. We disagree. Equal protection of the laws "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). In this case, we find that Murray is not similarly situated to the prisoners whose sentences were reduced.

Unlike the prisoners in the Oklahoma Court of Criminal Appeals' decisions, Murray was sentenced under old section 701.4 and not sections 701.9 and 353, which are subject to the rule in *White*. Section 701.4, unlike section 701.9, *required* an indeterminate sentence of ten years to life.

*See* Okla.Stat.Ann. tit. 21, § 701.4 (repealed); *see also Cantrell v. State,* 562 P.2d 527, 529 (Okla.Crim.App.1977) (only proper sentence is ten years to life imprisonment); *Wampler v. State,* 553 P.2d 198, 203 (Okla.Crim.App.1976) ("the sentence upon a conviction of murder in the second degree shall in all cases by an indeterminate sentence of ten (10) years to life"). Under Oklahoma law, a specific penalty provision, such as section 701.4, controls the application of a general provision authorizing indefinite sentences, such as section 353. *See McWilliams v. State,* 777 P.2d 1370, 1372 (Okla.Crim.App.1989) (specific statute provision controls over general); *Swenson v. State,* 525 P.2d 1395, 1400 (Okla.Crim.App.1974) ("a general statute must be construed and applied in light of and within the limits of those specific statutes which provide a specific punishment for a specific crime"); Okla.Stat.Ann. tit. 21, § 11. Section 353 is the general statute which is limited by the specific provisions of section 701.4; section 701.4 is not limited by section 353 as Murray contends. Accordingly, because section 701.4 mandates an indeterminate sentence of ten years to life, the Oklahoma trial court was required to impose that sentence. The indeterminate sentencing provision, section 353, was never invoked and has no application in the face of section 701.4's express penalty provisions. Murray is thus not similarly situated to the prisoners whose sentences were reduced.

The fundamental error in Murray's equal protection argument is that he is not entitled to habeas relief due to a subsequent change in Oklahoma's second degree murder statute. As the Seventh Circuit observed in *United States ex rel. Scott v. Illinois Parole & Pardon Board,* 669 F.2d 1185 (7th Cir.), *cert. denied,* 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982):

> States are certainly free to amend their sentencing laws and, having done so, they are not required to apply them retroactively to persons who have been validly sentenced under the law as it previously existed.... Having been properly sentenced under the law as it

existed at the time of his conviction, he is not entitled to modification at this time.

*Id.* at 1192; *see also Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir.1982) ("repeal of a statute does not repeal prior convictions based on violations of that statute when that statute was in effect"). Murray's case is indistinguishable from *Niemann v. Paratt,* 596 F.2d 316, 318 (8th Cir.1979), where the Eighth Circuit rejected a challenge to an indeterminate second degree murder sentence lawful under the statute and indeterminate sentencing provisions in effect at sentencing, but subsequently rendered unlawful due to an amendment to the sentencing provisions. The Eighth Circuit held that there was no constitutional violation where the habeas petitioner was properly sentenced under the statute then in effect. *Id.* at 318 (quoting *State v. Rivera,* 249 N.W.2d 914, 915–16 (Neb.1977)). Stated simply, Murray is not similarly situated to persons convicted under the new second degree murder statute. Accordingly, Oklahoma's refusal to reduce Murray's sentence as if he had been convicted under the new statute does not violate due process, and the district court did not err in denying Murray's petition for a writ of habeas corpus.

## III.

Because we find that Murray has neither raised a reasoned argument on the law and facts, *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), nor demonstrated that the issues raised are debatable among jurists, *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), we DENY the certificate of probable cause and the motion to proceed in forma pauperis. APPEAL DISMISSED. The mandate shall issue forthwith.