**1394**

See also 593 P.2d 100.

Gary Wayne Baker, pro se.

Robert H. Henry, Atty. Gen., Oklahoma, Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, Okl., for Cowley.

Before McKAY, SEYMOUR and EBEL, Circuit Judges.

EBEL, Circuit Judge.

We grant the appellant's application for certificate of probable cause.

The issue we decide [1] is whether an Oklahoma second degree murder statute that requires the imposition of a mandatory indeterminate sentence of ten years to life upon conviction violates the Eighth and Fourteenth Amendments of the United States Constitution. We hold that it does not.

**Gary Wayne BAKER,
Petitioner–Appellant,**

v.

**Jack COWLEY, Warden,
Respondent–Appellee.**

**No. 90–6354.**

United States Court of Appeals,
Tenth Circuit.

April 29, 1991.

### FACTS

Petitioner-appellant, Gary Baker, was convicted of second degree murder in Oklahoma state court in 1975. Under the statute then in force, Okla.Stat. Ann. tit. 21, § 701.4, Baker received a mandatory inde-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

terminate sentence of ten years to life.[2] Baker's conviction was affirmed by the Oklahoma Court of Criminal Appeals. *See Baker v. State*, 593 P.2d 100 (Okl.Cr.1978). Baker then filed two successive petitions for state habeas relief which were both denied. In his second petition, Baker raised the issue that is now before us. Following the Oklahoma Court of Criminal Appeals' denial of his second petition in 1989, Baker petitioned for federal habeas relief in the United States District Court for the Western District of Oklahoma. Baker raised two arguments as to why § 701.4 was unconstitutional: he argued first, that § 701.4 violated the Oklahoma sentencing statutory scheme, and second, that § 701.4 violated the United States Constitution. During the time his petition was lodged in the district court, we decided *Murray v. Cowley*, 913 F.2d 832 (10th Cir. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 991, 112 L.Ed.2d 1075 (1991). Baker admitted that under *Murray*, one of his arguments was meritless.[3] The district court in a memorandum opinion agreed and disposed of Baker's habeas petition. However, the district court never addressed Baker's second issue. It is Baker's second issue that we now address.

## DISCUSSION

Baker contends that § 701.4 violates the Eighth Amendment and the Fourteenth Amendment of the Constitution.[4] The gravamen of Baker's claim is that § 701.4 is unconstitutional because it requires the au-

tomatic imposition of a ten year to life indeterminate sentence for a felony murder conviction and does not allow the sentencing authority to exercise its discretion. In support of his argument, Baker cites to a number of cases including *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Green v. Oklahoma*, 428 U.S. 907, 96 S.Ct. 3216, 49 L.Ed.2d 1214 (1976) (order); *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); and *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). In these cases, the Court repeatedly acknowledged the requirement that a *mandatory* death penalty is unconstitutional and that at a minimum, substantial sentencing procedures must exist to ensure that the death sentence imposed in a given case is proportional to the gravity of the crime committed. However, all of these cases dealt with the death penalty, and the Court has held again and again that the death penalty is a unique punishment that requires special analysis when determining whether its imposition in a particular case passes constitutional muster. *See, e.g., Gregg v. Georgia*, 428 U.S. at 187, 96 S.Ct. at 2931 (1976) ("There is no question that death as a punishment is unique in its severity and irrevocability.") (opinion of Stewart, Powell, and Stevens, JJ.). While we acknowledge that the Constitution forbids the mandatory imposition of a death sentence, we know of no cases, nor has the appellant pointed us to any, that forbid the mandatory imposition of a life prison sentence.[5]

---

**2.** Section 701.4 provided:

> Every person convicted of murder in the second degree shall be punished by imprisonment in the State Penitentiary for not less than ten (10) years nor more than life. The trial court *shall set an indeterminate sentence* in accordance with this section upon a finding of guilty by the jury of murder in the second degree.

Okla.Stat.Ann. tit. 21, § 701.4 (repealed in 1976) (emphasis added).

**3.** In his opening brief, Baker states that he raised three issues before the district court and that *Murray v. Cowley* disposed of two of them. Baker is incorrect. In his second *state* court habeas petition, Baker raised three issues. However, in his federal habeas petition, Baker raised two issues. Nonetheless, the end result is

the same—Baker raises only one issue on appeal, and that issue, though raised below, was not specifically ruled upon by the district court.

**4.** We note that § 701.4 was repealed in 1976 and was replaced by § 701.9 which provides:

> A person who is convicted of or pleads guilty or nolo contendere to murder in the second degree shall be punished by imprisonment in a state penal institution for not less than ten (10) years nor more than life.

Okla.Stat.Ann. tit. 21, § 701.9 (1983).

**5.** For that matter, we are not persuaded that Baker has in fact received a life prison sentence. He has received an indeterminate sentence that could result in a sentence anywhere between ten years and life depending upon the Okla-

Indeed, the Supreme Court in *Rummel v. Estelle,*[6] 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382 (1980), held that a Texas recidivist statute, which required that a defendant receive a mandatory life sentence for a third felony conviction, did not violate the Eighth Amendment.[7]

The district court's decision to deny appellant's petition for habeas relief is AFFIRMED.

homa Parole Board's evaluation of Baker's rehabilitative progress. *See Carmona v. Ward,* 576 F.2d 405, 414 (2d Cir.1978), *cert. denied,* 439 U.S. 1091, 99 S.Ct. 874, 59 L.Ed.2d 58 (1979) (refusing to consider a six year to life indeterminate sentence as a life sentence because the very real possibility of parole exists and that "[t]here is no reason to anticipate that either the petitioners ... will be denied a constitutionally proper parole hearing or that the federal courts will hesitate to intervene if their constitutional rights are violated in the state proceedings."). In addition, we note that the mere fact that this discretion has been vested with the Oklahoma Parole Board does not offend the Constitution. *See Dreyer v. Illinois,* 187 U.S. 71, 78–84, 23 S.Ct. 28, 31–32, 47 L.Ed. 79 (1902).

6. In *Rummel,* the offense triggering the Texas recidivist statute was a conviction for obtaining $120.75 by false pretenses. The defendant's pri- or two felonies involved the fraudulent use of a credit card to obtain $80.00 worth of goods and services and passing a forged check in the amount of $28.36. *Id.,* 445 U.S. at 265, 100 S.Ct. at 1134.

7. Baker also cited to *Trop v. Dulles,* 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958) in support of his theory that a mandatory indeterminate ten year to life sentence is unconstitutional. In *Trop,* a soldier was convicted of deserting and as a result his United States citizenship was stripped from him. The Court held that the penalty of loss of citizenship for the court marshal there involved was unconstitutional, but it did not suggest that "mandatory" penalties in general could not be constitutional. Thus, *Trop* provides no assistance to Baker.