936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Lawrence Kowalski ROBERTS, Petitioner-Appellant,
v.
H.N. "Sonny" SCOTT, and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 91-7065.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1991.
 
 Before LOGAN, BRORBY and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on petitioner's motion for leave to proceed in forma pauperis and application for a certificate of probable cause (IFP/CPC motion). To be entitled to the requested relief, petitioner must advance a rational argument on the law and facts demonstrating that the issue asserted on this appeal deserves further proceedings. See Barefoot v. Estelle, 463 U.S. 880 (1983); Coppedge v. United States, 369 U.S. 438 (1962).
 
 
 3
 On appeal from the denial of his petition for writ of habeas corpus under 28 U.S.C. Sec. 2254, petitioner asks this court to determine "[w]hether or not Okla.Stat. tit. 21, Sec. 701.4 (1974), regarding punishment for second degree murder ... and mandating an indeterminate sentence of ten (10) years to life imprisonment, is to be strictly construed and such sentence imposed in accordance with the limitations of Okla.Stat. tit. 57, Sec. 353 (1971)?" IFP/CPC Motion at 2. Because section 353 provides that the minimum term of an indeterminate sentence "may be less than, but shall not be more than, one-third ( 1/3) of the maximum sentence imposed," petitioner contends that his indeterminate sentence of ten years to life under section 701.4 should be limited by section 353 to an indeterminate term of ten to thirty years. IFP/CPC Motion at 3; see also White v. State, 774 P.2d 1072 (Okla.Crim.App.1989) ("Since one-third of a life sentence cannot be calculated, ... trial court may not set an indeterminate sentence where a life sentence is the maximum.").
 
 
 4
 The Oklahoma Court of Criminal Appeals recently spoke directly to the question raised herein and its unequivocal answer was that "the specific provisions for the punishment of second degree murder in [section] 701.4 controls [sic] over the general sentencing provisions of Section 353." Bowman v. State, 789 P.2d 631, 632 (Okla.Crim.App.1990) (upholding indeterminate sentence of ten years to life imposed pursuant to section 701.4); see also Murray v. Cowley, 913 F.2d 832, 833-34 (10th Cir.1990), cert. denied, 111 S.Ct. 991 (1991). In light of the state court's interpretation of the pertinent statutory provisions in Bowman, to which we must defer, see, e.g., Cordova v. Romero, 614 F.2d 1267, 1269 (10th Cir.), cert. denied, 449 U.S. 851 (1980); Redford v. Smith, 543 F.2d 726, 732 (10th Cir.1976), petitioner is foreclosed from obtaining any relief in this action and further proceedings are, accordingly, not warranted.
 
 
 5
 Petitioner's motion for leave to proceed in forma pauperis and application for a certificate of probable cause are DENIED, and this appeal is DISMISSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3