Jimmy Lee COUCH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–89–654.

Court of Criminal Appeals of Oklahoma.

June 27, 1991.

Eddie A. McCroskey, Poteau, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Jimmy Lee Couch, appellant, was charged with the crime of First Degree Murder in the District Court of LeFlore County, Case No. CRF–83–199. Pursuant to a plea agreement, appellant pled guilty to the lesser included offense of Second Degree Murder (21 O.S.1981, § 701.8) and was sentenced to an indeterminate term of not less than ten (10) years nor more than life imprisonment. After several unsuccessful attempts to secure post-conviction relief in the district court, appellant appealed to this Court. In an unpublished order dated May 23, 1989, Case No. PC–89–449, this Court granted appellant's application for post-conviction relief. After finding that appellant's indeterminate sentence was constitutionally infirm, see White v. State, 774 P.2d 1072 (Okl.Cr.1989), we ordered that the sentence be set aside and remanded the cause to the district court for resentencing pursuant to 22 O.S.1981, § 1085. On June 23, 1989, after hearing arguments and reviewing a pre-sentence investigation report, the Honorable Ted A. Knight, Associate District Judge, sentenced appellant to thirty-three (33) years imprisonment. From said resentencing procedure, appellant has perfected this appeal.

Prior to pleading guilty at his original sentencing hearing on November 30, 1983, appellant entered into a plea agreement with the district attorney. Therein, appellant agreed to plead guilty to the lesser included offense of Second Degree Murder in exchange for a recommended indeterminate sentence of ten (10) years to life imprisonment. The trial court was apprised of the agreement and specifically informed appellant that he had the right to seek withdrawal of his plea if the court refused to impose the recommended sentence. Appellant then tendered his guilty plea. Thereafter, appellant was informed inter alia that he had ten (10) days to file a motion to withdraw his plea. Appellant was not so advised of this right at his resentencing hearing in 1989. Rather, the court informed appellant that he had the right to appeal only his sentence.

The instant case thus presents the following issue: Whether a guilty plea can be considered to have retained its voluntary nature after the penalty originally negotiated and imposed is vacated due to constitutional infirmity and a different sentence is imposed without renegotiation of the plea agreement. We find that it cannot and remand this case to the district court with instructions to allow appellant the option of withdrawing his plea.

■ It is a fundamental concept of law that in order to be valid, a guilty plea must be made entirely voluntarily by the defendant. "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." Boykin v. Alabama, 395 U.S. 238, 243–44, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 280 (1969).

Plea discussions and plea agreements, "sometimes loosely called 'plea bargain[s]' " ..., are appropriate but should not be hidden behind the in-court hearing at which time the accused often feels he is expected to state falsely that no agreements or promises have been made. Such practices eliminate judicial supervision as an effective control of the inherent risks of "plea bargaining." Only by explicit understanding of the negotiated plea by all parties can we be assured that this "essential component of the administration of justice is properly administered."

King v. State, 553 P.2d 529, 533 (Okl.Cr. 1976) (citations omitted).

Although this Court has never addressed the precise issue herein presented, we find several cases that guide our decision. In Santobello v. New York, 404 U.S. 257, 92

S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court considered the ramifications which followed a prosecutor's failure to abide by the terms of a bargained plea. There, the Court held:

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Id.*, 404 U.S. at 262, 92 S.Ct. at 499. On remand, the state court was instructed to either grant specific performance of Santobello's plea agreement or allow him the opportunity to withdraw his guilty plea. *Id.*, 404 U.S. at 263, 92 S.Ct. at 499. Because the plea agreement in the present case was premised upon the imposition of a constitutionally infirm sentence, this Court cannot instruct the district court to grant specific performance of the same.

We are also guided by our decision in *Bailey v. State*, 730 P.2d 1212 (Okl.Cr. 1987). There, this Court held that "[w]here ... a defendant enters a plea of guilt[y] based upon a plea bargain agreement, he must be allowed to withdraw his plea if the judge declines to follow the recommended sentence." *Id.* at 1213. *See also Leach v. State*, 766 P.2d 365 (Okl.Cr.1988), and *King*, 553 P.2d at 536.

■ On the basis of the foregoing, we find that the district court erred in failing to afford appellant an opportunity to withdraw his guilty plea prior to imposing a new sentence. The acceptance of a guilty plea is a zealously protected judicial procedure. Because of the conclusive nature of a guilty plea, the procedure must be carefully undertaken to ensure that the entry of such a plea is a purely voluntary act on the part of the accused. When the terms of the bargain which induced the plea agreement are altered through no fault of the defendant, it is immaterial whether the breach occurs at the time of sentencing or years later. The plea does not lose its protected status merely because the alteration is mandated by subsequent changes in the law.

■ We reach our conclusion today fully cognizant of the fact that appellant did not attempt to withdraw his guilty plea in the district court. It is true that 22 O.S.1981, Ch. 18, App., *Rules of the Court of Criminal Appeals*, Rule 4.1, mandates that a defendant file an application to withdraw his guilty plea in the district court before he may seek such relief in this Court.[1] However, as previously stated, the trial court in the case at bar specifically advised appellant that he had the right to appeal *only* his new sentence. Because appellant was misinformed of his right to seek withdrawal of his guilty plea, we find that this cause is properly before this Court.

■ It should also be noted that if appellant chooses to withdraw his original plea upon remand, he will be placed in the same position as he was prior to plea negotiations. As previously stated, appellant was originally charged with Murder in the First Degree. Therefore, the prosecution of appellant for First Degree Murder would not be barred by double jeopardy prohibitions. *Cf. Ricketts v. Adamson*, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1986) (prosecution for first degree murder not barred by double jeopardy where defendant pled guilty to lesser included offense of second degree murder pursuant to plea agreement and later breached the same).

Accordingly, the Judgment and Sentence is VACATED and this cause is REMANDED to the district court for further proceedings not inconsistent with this Opinion.

LANE, P.J., and BRETT and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., concurs in results.

---

1. Although Rule 4.1 is specifically addressed to petitions for writs of certiorari, we find the procedure enunciated therein applicable where a defendant, who was convicted upon a plea of guilty, is resentenced pursuant to 22 O.S.1981, § 1085.

LUMPKIN, Vice Presiding Judge, concurring in results:

I concur in the results reached by the Court based on the facts of the case. However, as I have previously written in my dissent to *Walters v. State*, 778 P.2d 483 (Okl.Cr.1989), each case must be addressed on its separate set of facts to determine if a defendant's plea was a free and voluntary act. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).