**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HAROLD D. HORNSBY,

        Petitioner-Appellant,

v.

STEPHEN KAISER,[*]

        Respondent-Appellee.

No. 96-5210
(D.C. No. 95-CV-940-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **PORFILIO** and **LUCERO**, Circuit Judges, and **MARTEN**,[***] District Judge.

---

[*] Petitioner has moved to amend the caption to reflect his transfer to a new facility while this habeas action was pending. As respondent has not objected, petitioner's current custodian, Stephen Kaiser, is hereby substituted for former custodian Edward L. Evans, Jr.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***] The Honorable J. Thomas Marten, District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining petitioner's briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner-appellant appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Because petitioner has made a substantial showing of the denial of a federal right regarding the issues arising out of his conviction in Oklahoma case No. CRF-90-3198, we grant a certificate of probable cause as to these issues, including the effect the conviction had on petitioner's sentence in case No. CRF-92-170.[1] As to these issues only, we reverse the judgment and remand for further proceedings. We deny petitioner's application for a certificate of probable cause regarding the issues arising out of his convictions in case Nos. CRF-90-461 and CRF-92-170, and dismiss the appeal relating to these issues.

---

[1] Petitioner filed his habeas petition on September 18, 1995. Therefore, the recently-enacted amendments to the habeas statutes contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), do not apply. See Lindh v. Murphy, 117 S. Ct. 2059, 2068 (1997). Petitioner remains subject, however, to the pre-AEDPA requirement that he obtain a certificate of probable cause before bringing his appeal, requiring him to make a substantial showing of the denial of a federal right. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983).

Case No. CRF-90-3198

In 1990, in the district court for Tulsa County, Oklahoma, petitioner pleaded guilty to Larceny from a Person in case No. CRF-90-3198, receiving a three-year sentence. Petitioner contends his plea was based on an agreement obligating the prosecution to recommend a three-year suspended sentence, and that the trial court disregarded this recommendation in sentencing petitioner to three years' incarceration. Petitioner did not appeal the conviction or sentence.

In March 1995, petitioner filed an amended Motion to Withdraw Guilty Plea/Motion for Appeal Out-of-Time/Application for Post Conviction Relief in the state court, seeking to withdraw his guilty plea as involuntary. Petitioner supported his application with an affidavit stating that he waived his rights to a preliminary hearing and trial in reliance on his attorney's advice that the sentence would be suspended, and that he would not have waived these rights had he known the court would reject the recommendation. His affidavit also stated that immediately after sentencing he requested his attorney to withdraw the plea and to perfect a direct appeal, but that the attorney failed to do so. See R. II, doc. 21, Affidavit contained in ex. 2-E.

The state court denied petitioner's motion, finding his claims procedurally barred because they were not raised on direct appeal. The court rejected petitioner's claim that the procedural default was excused based on his attorney's

ineffectiveness in not perfecting an appeal, finding that petitioner had been advised of his right to appeal but took no steps to perfect such an appeal. The Oklahoma Court of Criminal Appeals affirmed.

Case No. CRF-90-461

In 1990, petitioner also pleaded guilty to Larceny of Merchandise in case No. CRF-90-461, and received a one-year county jail sentence. He did not appeal. His March 1995 state court application for post-conviction relief included a challenge to this conviction as well, arguing there was no factual basis and the sentence exceeded the maximum allowable punishment under state law. The claims were rejected based on petitioner's failure to raise them on direct appeal.

Case No. CRF-92-170

In January 1993, in case No. CRF-92-170, petitioner was tried and convicted of Robbery by Fear, for which he received a fifteen-year sentence, and Robbery by Firearms, for which he received a twenty-five year sentence. Before trial, he filed several state court actions challenging his arrest and confinement, including a petition for a writ of habeas corpus, a writ of prohibition and a writ of mandamus. These petitions were denied. After sentencing, petitioner's county public defender moved to withdraw, citing a conflict of interest. A state public defender was then appointed to represent petitioner. On appeal, this attorney

-4-

raised a single successful issue, challenging a fine that had been imposed as part of petitioner's sentence.

In December 1993, after his direct appeal had been fully briefed, petitioner attempted to file a motion in the Oklahoma Supreme Court dismissing his court-appointed attorney as ineffective, and requesting appointment of effective counsel. The motion was returned to petitioner to be filed in the district court. In July 1994, petitioner moved the state district court to dismiss his court-appointed attorney and to permit petitioner to represent himself on appeal. Leave to appear pro se was granted in August 1994.

Petitioner submitted a motion for a hearing in the state appellate court, alleging there was a petition for writ of habeas corpus pending before that court in which he had been given the right to represent himself. The appellate court denied the motion, noting the absence of a habeas petition before it, and stating that any issues petitioner wished to raise pro se should be submitted through his attorney. Petitioner then filed a writ of prohibition in the Oklahoma Supreme Court, alleging the state public defender had been appointed contrary to law, and seeking to prohibit the Oklahoma Court of Criminal Appeals from deciding his appeal upon the state public defender's briefs. Several days later, the state public defender filed a motion to withdraw, citing a conflict of interest with petitioner. Petitioner's application for a writ of prohibition was transferred to the Oklahoma

Court of Criminal appeals, who denied both the application and counsel's motion to withdraw. The court found the state public defender was properly appointed, and that petitioner's attempt to represent himself, many months after the briefing had been completed, was not timely. Petitioner then filed an application for a writ of mandamus with the Oklahoma Supreme Court, which was denied.

In August 1995, petitioner filed an application for post-conviction relief in the state district court regarding his 1993 convictions, arguing that both his trial and appellate counsel were ineffective and raising numerous allegations of error. The state district court denied the petition in October 1995, finding petitioner received effective assistance both at trial and on appeal, and the remainder of his claims were procedurally barred. Petitioner did not appeal.

Federal Petition for Writ of Habeas Corpus

In September 1995, petitioner brought this federal habeas corpus action, amending his petition in October 1995 to challenge both the 1993 and 1990 convictions. The federal district court denied the petition. The court first held it lacked authority to grant habeas relief regarding petitioner's conviction in case No. CRF-90-461 because petitioner was no longer in custody under that sentence, and the conviction had not been used to enhance his subsequent sentence. Regarding his convictions in case Nos. CRF-90-3198 and CRF-92-170, the court held petitioner had not shown cause and prejudice to excuse his procedural

defaults, and the failure to raise his issues on direct appeal barred the court from reviewing them in the habeas action. Finally, the court concluded an evidentiary hearing was not necessary because the issues could be determined from the record. This appeal followed.

In cases filed before AEDPA's enactment, a petitioner appealing from the denial of a 28 U.S.C. § 2254 petition has to make "a substantial showing of the denial of a federal right" to obtain a certificate of probable cause. See Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quotation and brackets omitted). Petitioner has failed to make such a showing regarding his convictions in case Nos. CRF-90-461 and CRF-92-170.

Petitioner has not shown entitlement to relief from his conviction in case No. CRF-90-461 because he is no longer in custody or adversely affected by that conviction. Petitioner also has not demonstrated cause and prejudice to excuse his failure to raise, on direct appeal, the alleged errors in case No. CRF-92-170.[2]

---

[2] Regarding case No. CRF-92-170, petitioner raised the following issues: (1) he was denied an opportunity for a direct appeal or corrective process to vindicate his claims that his arrest was pretextual, that the warrantless arrest was unlawful, that the warrant issued on an insufficient and perjured affidavit, that inadmissable and perjured evidence was used at trial, and that he was denied counsel during an evidentiary hearing; (2) the convictions were void because the charging information was not verified, the jury was improperly instructed on the burdens of proof and the elements, no proof of his recidivist conviction was offered, the district court lacked jurisdiction to try petitioner while his petitions for writs of mandamus and prohibition were pending, and petitioner's counsel was

(continued...)

He has not shown that his attorney was ineffective by omitting a "dead-bang winner" from the brief, or that his attorney's decision to rely on the one successful issue regarding the fine was anything other than a tactical decision. See United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995). He also has not shown that the conflict of interest that arose after he incorrectly alleged the court lacked authority to appoint counsel was prejudicial. Petitioner's application for a certificate of probable cause is denied, therefore, as to the issues arising out of these two convictions.

Petitioner's claim that his procedural default in case No. CRF-90-3198 was excused by his attorney's ineffectiveness in failing to file a requested motion to withdraw the guilty plea or to perfect an appeal requires further examination. The federal district court found petitioner's claims procedurally barred, deferring to the state court's factual findings that petitioner had been advised of the right to appeal but took no steps to perfect such an appeal. Because it was unclear whether the state post-conviction court afforded petitioner adequate procedures before making its factual findings, we granted a certificate of probable cause on

---

²(...continued)
ineffective and had a conflict of interest both at trial and on appeal; and (3) the conviction must be reversed because it was based on inadmissible evidence, the record is void of evidence of a lawful arrest, there were no circumstances justifying the denial of a speedy trial or the late filing of a probable cause affidavit, and retrial is barred by double jeopardy.

the issues arising out of case No. CRF-90-3198, and ordered the State of Oklahoma to file a response brief.

The State's response makes it clear that petitioner was not afforded a hearing in state court, despite his affidavit testimony that his attorney failed to honor a specific request to file a motion to withdraw the plea and to perfect an appeal. Based on the pre-AEDPA version of 28 U.S.C. § 2254(d), the state court's findings regarding petitioner's failure to perfect an appeal and his attorney's alleged ineffectiveness are not entitled to a presumption of correctness. See Nguyen v. Reynolds, 131 F.3d 1340, 1359 (10th Cir. 1997) ("Th[e] presumption of correctness does not apply, and a federal court must grant an evidentiary hearing, if the habeas petitioner did not receive a full, fair, and adequate hearing in the state court proceeding on the matter sought to be raised in the habeas petition."); Medina v. Barnes, 71 F.3d 363, 369-70 (10th Cir. 1995) (holding state court's findings regarding ineffective assistance of counsel claim not entitled to presumption of correctness when inadequate hearing held, entitling petitioner to evidentiary hearing in federal court). The case must be remanded, then, for an evidentiary determination whether petitioner's default was excused by his attorney's ineffectiveness in allegedly failing to comply with petitioner's request to file a motion to withdraw the plea and perfect an appeal.

We have examined the merits of petitioner's habeas pleadings to determine whether we can dispose of this appeal without a remand. We cannot, based on several issues which should be decided in the first instance by the district court. These issues include: which claims are actually raised between the initial habeas petition and the amended one; whether all such claims are exhausted; whether the underlying plea agreement required a sentencing recommendation; whether petitioner's claims have merit in light of Oklahoma's requirement that a defendant be allowed to withdraw his plea upon rejection of a sentencing recommendation, see Couch v. State, 814 P.2d 1045, 1047 (Okla. Crim. App. 1991); and whether petitioner was entitled to appointed counsel for proceedings on his motion to withdraw the guilty plea in light of Randall v. State, 861 P.2d 314, 315-16 (Okla. Crim. App. 1993) (holding that hearing on motion to withdraw plea is a "critical stage" invoking the right to counsel). The district court may wish to consider any or all of these issues.

A certificate of probable cause regarding the issues arising out of petitioner's conviction in case No. CRF-90-3198 is GRANTED, and the judgment concerning those issues is REVERSED and REMANDED for further proceedings. Petitioner's application for a certificate of probable cause regarding the issues arising out of his convictions in case Nos. CRF-90-461 and CRF-92-170 is DENIED, and the appeal of those issues is DISMISSED. Petitioner's outstanding

-10-

motions, except his motion to change the caption, are DENIED.  The mandate shall issue forthwith.

Entered for the Court


J. Thomas Marten
District Judge