**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 23 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARDIE D. HARRIS,

      Petitioner - Appellant,

vs.

JAMES L. SAFFLE,

      Respondent - Appellee.

No. 01-6074
(D.C. No. 99-CV-1051-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL, KELLY**, and **LUCERO**, Circuit Judges.[**]

---

      Petitioner-Appellant Ardie D. Harris, an inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

order denying relief on his petition for a writ of habeas corpus, 28 U.S.C. § 2254.

Because Mr. Harris has failed to make a "substantial showing of the denial of a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

In 1981, Mr. Harris pleaded guilty to one count of robbery with firearms, one count of second degree rape, and one count of oral sodomy. The trial court sentenced Mr. Harris to terms of imprisonment of five to fifty years for the robbery conviction, fifteen years for the rape conviction, and ten years for the oral sodomy conviction. Mr. Harris did not attempt to withdraw his guilty plea nor did he file a direct appeal.

The rather long and involved procedural history of Mr. Harris's current appeal began in 1985, when he filed his first application for post-conviction relief in Oklahoma district court challenging his indeterminate sentence of five to fifty years. After the district court denied the application, the Oklahoma Court of Criminal Appeals ("OCCA") remanded the case for a proper order with findings of fact and conclusions of law. The district court entered a new order denying the application which was affirmed by the OCCA. In 1990, Mr. Harris filed his second application for post-conviction relief again challenging the indeterminate sentence and also adding a claim that trial counsel's failure to file a direct appeal constituted ineffective assistance of counsel. The district court denied this second application and the OCCA subsequently affirmed the district court.

On May 1, 1996, Mr. Harris filed in the district court his third application

for post-conviction relief alleging that the reverse certification statute had been declared void and that he received ineffective assistance of counsel. On July 24, 1996, Mr. Harris filed an application entitled "Subsequent Application for Post Conviction Relief Request for Appeal Out of Time," Doc. 12, Exh. B, informing the district court that his co-defendant had received post-conviction relief on April 25, 1996. Mr. Harris contended that equal protection principles required that he be granted the same relief as his co-defendant, *viz.*, modification of his indeterminate sentence to a term of years. The district court denied this third application, but did not reference Mr. Harris's equal protection argument raised in the July 24, 1996 application. Despite the lack of a reference to this issue in the district court's order, the OCCA rejected the argument on the ground that Mr. Harris had failed to raise this claim on direct appeal or in any of his prior applications for post-conviction relief. The OCCA affirmed the district court's denial of Mr. Harris's third application and stated that Mr. Harris had exhausted his state remedies regarding the issues raised in post-conviction relief and barred any subsequent applications.

Mr. Harris filed his federal habeas petition claiming (1) that the state district court had violated his rights to due process and equal protection by refusing to modify his sentence as had been done for his co-defendant, (2) that the state district court violated his constitutional rights by not holding an evidentiary

hearing before denying his application for post-conviction relief, and (3) that the procedures used by the district court and the OCCA were inadequate to protect his rights. The district court assigned the case to a magistrate judge, who recommended denial of Mr. Harris's petition. The federal district court adopted the recommendation in its entirety and entered an order denying Mr. Harris's petition.

On appeal, Mr. Harris asserts that the magistrate erred in determining that the Equal Protection Clause does not warrant relief in his case. In the recommendation, the magistrate proceeded to the merits of Mr. Harris's equal protection claim because it determined that Mr. Harris could not reasonably have known that such an argument existed until some time after the April 25, 1996 unpublished order in his co-defendant's case became available. The procedural bar in the Uniform Post Conviction Procedure Act therefore could not apply because the equal protection argument was not a ground for relief "available" at the time filing of a direct appeal was required nor during the time he filed his applications for post-conviction relief. See Okla. Stat. tit. 22 § 1086 (requiring "all grounds for relief available" to be raised in the original, supplemental, or amended application for post-conviction relief). In a thorough analysis, the magistrate concluded that Mr. Harris had failed to show that he and his co-defendant were similarly situated and therefore could not meet the threshold

requirement for an equal protection challenge. See United States v. Alfonso, 738 F.2d 369, 373 (10th Cir. 1984) ("[A]bsent specific allegations of constitutionally impermissible motivation . . . a sentence within the statutory limits is again not open to review."); see also Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 43 (3d. Cir. 1984) (requiring allegations of unconstitutional discrimination for equal protection challenge to disparate sentence). Although Mr. Harris claims his disparate sentence occurred due to his indigence, the district court recognized that indigents do not constitute a suspect class and the disparate sentences therefore need only bear a rational relation to a legitimate state end. See Curley v. Perry, 246 F.3d 1278, 1285 (10th Cir. 2001). This court has considered the briefs, the magistrate's recommendation, and the entire appellate record. Our review demonstrates that the equal protection issue Mr. Harris seeks to raise on appeal is not debatable among jurists, deserving of further proceedings, or subject to a different resolution on appeal. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. Harris also asserts that the magistrate failed to address his due process claim. In so asserting, Mr. Harris states that the government could have no legitimate object in treating him differently than his co-defendant. We state no opinion on the treatment of Mr. Harris's co-defendant, but we must stress that Mr. Harris's sentence on the robbery charge was proper under the relevant statute at

the time.  The relevant statute in effect at the time of Mr. Harris's sentence prevented a minimum sentence from exceeding one-third of a prisoner's maximum sentence.  See Okla. Stat. tit. 57, § 353 (1981).  Thus, with Mr. Harris's fifty-year maximum sentence, his minimum sentence could not exceed approximately seventeen years and his five-year minimum sentence does not exceed this amount.  Further, the imposition of an indeterminate sentence has been determined constitutional.  See Baker v. Cowley, 931 F.2d 1394, 1396 n.5 (10th Cir. 1991) (approving sentence of ten years to life by Oklahoma court) (citing Dreyer v. Illinois, 187 U.S. 71, 78–84 (1902)); Niemann v. Parratt, 596 F.2d 316, 318 (8th Cir. 1979) (no constitutional error where Nebraska courts permitted indeterminate sentences for defendants convicted of second-degree murder).  We conclude that Oklahoma courts have a legitimate objective in adhering to statutory commands which do not violate the Constitution.  As a result, we reject Mr. Harris's due process claim.

Accordingly, we DENY Mr. Harris's motions for a COA and IFP and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 6 -