June Maxine JONES et al., Appellants,

v.

The STATE of Oklahoma, Appellee.

No. A–17149.

Court of Criminal Appeals of Oklahoma.

March 6, 1973.

Rehearing Denied April 4, 1973.

Don E. Gasaway and Cliff Hopper, Tulsa, for appellants.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kay Karen Kennedy, Legal Intern, for appellee.

OPINION

BRETT, Judge:

Appellants, June Maxine Jones, Emma Mae Miller Knox and Glenda Scott, hereinafter referred to as defendants, whose cases were consolidated for trial and whose cases are here consolidated for purposes of appeal, were charged, tried, and convicted in the District Court of Washington County, for the crime of Grand Larceny. The three defendants were sentenced to serve a term of six (6) months in the state penitentiary in accordance with the verdict of the jury, and from said judgment and sentence a timely appeal has been perfected to this Court. Affirmed.

At the trial, Barbara Herrington Cooper, manager of the Lazy H. Western Store in Bartlesville, Oklahoma, testified to the events of March 5, 1971, which were the basis of this case. Those events, as related by Mrs. Cooper, are as follows: At approximately 5:00 P.M. three females entered the Western Store. One of the three asked to see some shirts, and a clerk, Kathy Sagel, went to the shirt section of the store. All three females then went directly to the men's coat department where Mrs. Cooper met them and asked if she could be of help. When they replied negatively, Mrs. Cooper walked to the adjacent boot department where she remained, observing the three women. When they were through looking at and handling the coats, one woman yelled a remark about parking money and the three women immediately ran out of the store. Suspicious of a bulky purse carried by one and the apparent gain in weight of another, Mrs. Cooper quickly followed them, and noted the color, make, and tag number of the car in which the three left the scene. Mrs. Cooper then returned to the store where her employees produced empty hangers on which leather coats had previously been hanging. Mrs. Cooper called the police and reported that three negro women had shoplifted three leather coats and that they had left in a red and white Oldsmobile convertible with license number VG 3955. Within a short time, less than thirty minutes, Mrs. Cooper was called to report to the police station where she identified the three defendants as the women who had been in the store and had left in the described car. Mrs. Cooper subsequently correctly identified the three defendants, both at the preliminary hearing and in court at the time of the trial.

Testimony by Mary Kathleen Sagel, employed at the Lazy H. Western Store, and present on the day in question, confirmed Mrs. Cooper's statement of the events.

Testimony by John L. Evans, Charles Randle and Lenard Ames, all police officers employed by the Bartlesville Police Department, established the following facts relative to the incident. Approximately 5:15 P.M., Sergeant Evans and Patrolman Randle received a police radio dispatch informing them of the shoplifting and describing the three women, the goods taken, and the car together with its license number. About five minutes later Patrolman Randle observed one of the women changing from the red and white Oldsmobile the dispatch had described to a green station wagon. Randle then transmitted a radio message to stop the green station wagon because he had observed this above mentioned change of cars. On the basis of these two radio transmissions Sergeant Evans stopped the green station wagon and as soon as Patrolman Randle arrived, the women were placed under arrest and the car was searched. The search produced three leather coats matching the description given in the dispatch. The women were taken to the police station along with the coats where Patrolman Randle gave the coats directly to the booking officer, Ames. Ames tagged the coats and locked them in an Evidence Locker.

**1270** 

This appeal has been brought upon two propositions. First, it is urged that Sergeant Evans had no probable cause to arrest the defendants and as a result of this illegal arrest the related search was illegal, the coats thereby gathered were inadmissible as evidence and error was committed when indeed the coats were admitted into evidence. It is also contended that a proper identification of the coats, to be established by a complete chain of evidence, was not proven and this too made the admission of the coats error. At the basis of the illegal search and seizure alleged by the defense, is the lack of probable cause. Defense argues that probable cause cannot be created by a police radio dispatch. Speaking to this precise problem, McKay v. State, Okl.Cr., 472 P.2d 445 said:

> "* * * the arrest based on information received from the police dispatcher that a burglary had been committed, describing the burglars, the automobile in which they left the scene, and the license number of said automobile, was based on reasonable cause and was therefore a lawful arrest and that the search incident to said arrest was a lawful search."

In the case at bar the sequence of events, from leaving the store to the time of the arrest and search, covered a period of approximately twenty to thirty minutes. The witness provided the police with accurate and fresh information and acting on this information the police produced the defendants and the coats, both positively identified by the witness, Mrs. Cooper. These facts support the Court's opinion that the arrest and incident search were not unlawful.

 With regard to the chain of evidence which defense argues is incomplete, the coats were removed from the car by or in the presence of Officer Randle. Randle took these coats to the police station and delivered them to Officer Ames who tagged them and locked them in an Evidence Locker. To create a complete chain of evidence it is not necessary that each link have personal knowledge of each and every other link. It is only necessary that a reasonable person be able to logically assume from the testimony of each link that the chain was complete. Such is the present case. There is no evidence to support the contention that the chain was ever broken. Therefore the trial court did not err in admitting the coats into evidence.

Defense's second proposition states that irregularities in the conduct of the trial prevented the defendants from receiving a fair and impartial trial. This proposition is supported by three contentions. It is this Court's opinion that the trial court made no errors, but even if error was made, defense has not shown prejudice, and in fact any such error probably inured to the defendants' benefit.

 Defense first argues that where the defendants were charged under the general statute of Grand Larceny, 21 O.S. § 1704, they should have been charged under the special statute, Larceny From a Retailer, 21 O.S. § 1731. Although, where a special statute covers a crime specifically it should be used rather than a general statute, 22 O.S. § 410 provides:

> "No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." See also: 21 O.S.1971, § 11.

In this case the general statute carries a penalty of "not to exceed five (5) years", 21 O.S. § 1705, whereas the special statute carries "not less than one (1) year nor more than five (5) years", 21 O.S. § 1731. Defendants received a sentence of six months which would have been impossible had they been charged as defense urges.

 Defense's second, supporting contention is that the Court erred in directing defendants to sit at counsel table over the objections of counsel and that because of an identification problem this was prejudicial to the defendants. Title 22, § 583 pro-

vides that a person charged with a felony must be present during his trial, and this has been construed to mean present at every phase of the trial. Furthermore, it has been held reversible error for the defendant not to be present. Branham v. State, Okl.Cr., 480 P.2d 281. It would appear that since the responsibility for defendant's presence is upon the court, it is within the Court's discretion as to how best to implement this statute. In the present case the allegation of prejudice in this regard is without merit because all three defendants had, prior to trial, and on two separate occasions been accurately identified by Mrs. Cooper, and there appears no evidence to support a contention that Mrs. Cooper would not accurately identify the three women at trial.

 Defense's final contention supporting his alleged unfair trial is that the court erred in submitting four of its instructions. The court can find no prejudice to the defendants in any of the instructions objected to, and the court adheres to the statement in Barber v. State, Okl.Cr., 388 P.2d 320 where it says:

> "All of the instructions given by the trial court should be considered, and where they fairly and fully present the issues involved, and no fundamental error occurs whereby the defendant had been prejudiced or deprived of a substantial right the case will not be reversed on appeal."

The court cannot find, as urged by defense, that Instruction Number 8 intimated in any way that defendants did or did not take the stand in their own behalf. Further, although Instruction Number 10 was unnecessary, it did not prejudice the defendants to refer to aiding and abetting where this was not charged; the words "reasonable moral certainty" used in Instruction Number 11 are not so different from "beyond a reasonable doubt" as to create prejudice; and finally, Instruction Number 12 tracks the language of Statute 21 O.S. § 1705 and it cannot be said that excluding the implied minimum sentence of zero time prejudiced the defendants, particularly in the light of the six (6) months sentence they were given.

For all of the above and foregoing reasons we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., and BUSSEY, J., concur.