Donald Eugene HAWKES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–250.

Court of Criminal Appeals of Oklahoma.

April 19, 1982.

David Luther Woodward, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Donald Eugene Hawkes, hereinafter referred to as the defendant, was convicted of First Degree Rape, After Former Conviction of a Felony, and Assault and Battery with Intent to Kill, After Former Conviction of a Felony, of T.M.K., a female juvenile, in the District Court of Osage County, Case Nos. CRF–79–37 and CRF–79–38. The defendant was sentenced to fifteen (15) and thirty five (35) years' imprisonment, respectively, and from these judgments and sentences he raises four (4) assignments of error on appeal.

In one of the four assignments of error, the defendant argues that the trial court erroneously allowed to be admitted into evidence and later withdrawn, a non-certified copy of a Kansas search warrant. Further, he contends, that the fruits of this warrant were also inadmissible because the non-certified copy of the search warrant was insufficient to comply with the required minimal safeguards of the Fourth Amendment. The defendant maintains this error warrants reversal of the judgments and sentences.

The record reveals that State's Exhibit 25 (the search warrant) was introduced and admitted into evidence during an *in camera* hearing. It is also clear from the record that within the same *in camera* hearing the State withdrew State's Exhibit 25 from evidence and announced that they would not seek to introduce the evidence seized under the authority of the search warrant.

Since the evidence obtained as a result of the search warrant was never admitted for the jury's consideration, nor was the search warrant admitted for their consideration, the defendant has failed to demonstrate any prejudice.[1]

---

1. For a discussion of the defendant's burden of demonstrating prejudice, See, *Mills v. State,*

■ Within one assignment of error the defendant complains of several errors committed during trial. Each proposition within this assignment of error has been reviewed on an individual basis. We find there to be no error within each separate proposition.[2] Further, we find no merit in the defendant's contention that an accumulation of these propositions is sufficient to give rise to reversible error. We have been consistent in holding that where there is no individual error there can be no error by accumulation. *Morris v. State*, 607 P.2d 1187 (Okl.Cr.1980), *Brinlee v. State*, 543 P.2d 744 (Okl.Cr.1975).

In another assignment of error the defendant maintains that the trial court committed error by reading to the jury, Instruction Number 11.[3] The defendant argues that this instruction was prejudicial because it was not a correct statement of the law concerning circumstantial evidence and created an impermissible presumption.

■ We are of the opinion that the jury instruction complained of was proper and fairly represented the law of circumstantial evidence. *Nichols v. State*, 418 P.2d 77

(Okl.Cr.1966), *Wilcox v. State*, 69 Okl.Cr. 1, 99 P.2d 531 (1940).

This instruction is not in conflict with *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), as the defendant argues. Therefore, we hold that the trial court properly overruled the defendant's objection to this instruction. This assignment of error contains no merit.

■ In his final assignment of error the defendant argues that the trial court committed error in failing to sustain demurrers to the evidence (motions for directed verdicts) due to the failure of the State to prove Rape in the First Degree and Assault and Battery with Intent to Kill. Even the most cursory examination of the record negates this assignment of error for the evidence amply supports the verdict of the jury.

Accordingly, the judgments and sentences are AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

594 P.2d 374 (Okl.Cr.1979), *Sallee v. State*, 544 P.2d 902 (Okl.Cr.1975).

2. 1) The defendant argues that the testimony of witness Weaver was speculative in nature. The defendant does not cite authority for this proposition. 2 & 3) The defendant complains of error when the jury was allowed to see the defendant's automobile. Again, the defendant fails to cite proper authority for this proposition. We will not consider on review arguments that are not supported by proper citations of authority. *Ward v. State*, 628 P.2d 376 (Okl.Cr.1981). 4) The defendant further contends that testimony, by the prosecutrix, concerning acts of anal and oral sodomy were inadmissible as evidence of other crimes. We have held that testimony such as this is admissible, where it is part of a continuing course of events. *Wade v. State*, 556 P.2d 275 (Okl.Cr. 1976), *Carson v. State*, 529 P.2d 499 (Okl.Cr. 1974). 5) Finally, the defendant argues that he should have been allowed to cross examine the complaining witness as to prior sexual relations. The reputation of the witness for unchastity or specific acts of sexual intercourse are not admissible when consent is not at issue. *Shapard v. State*, 437 P.2d 565 (Okl.Cr.1967). Consent in the instant case was not at issue. A review of the record shows that the defendant clearly stated that he did not commit the crime he is charged with. Therefore, the trial court properly prohibited such cross examination.

3. INSTRUCTION NO. 11

The State relied in part for a conviction in this case upon what is known as circumstantial evidence; and in this connection you are instructed that to warrant a conviction upon circumstantial evidence each fact necessary to the conclusion sought to be established, that is, the guilt of the Defendant, must be proved by legal and competent evidence beyond a reasonable doubt; and all the facts and circumstances proved must not only be consistent with the guilt of the accused, but consistent with each other, and inconsistent with any other reasonable hypothesis or conclusion than that of his guilt and must be sufficient to convince you to a reasonable moral certainty that the accused committed the offenses charged against him. You are instructed that when the circumstances are sufficient, in your mind under the rule herein given to you, then they are competent and may be regarded by the jury as competent evidence for your guidance as direct evidence. (O.R. I, 60; O.R. II, 48)