Margaret Alice WOLFENBARGER and
John Wolfenbarger, Appellants,

v.

STATE of Oklahoma, Appellee.

Nos. M–83–413, M–83–414.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1985.

Rehearing Denied Dec. 23, 1985.

Warren H. Crane, Asst. Public Defender, Lawton, for appellants.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

The appellants, Margaret Alice Wolfenbarger and John Wolfenbarger, were tried together in the District Court of Comanche County, Oklahoma, Case Numbers CRM-82-1323 and CRM-82-1324, respectively. They were each convicted of Obstructing a Police Officer in Performance of His Duty, in violation of 21 O.S.1981, § 540. Each was fined $500 and sentenced to a term of six months incarceration in the custody of the Comanche County Sheriff. Although they appeal separately, we have consolidated their cases because our holding applies to both.

Margaret Wolfenbarger has city and state pawn broker's licenses. She owns and operates Shady Sam's Pawn Shop in Lawton; her husband, John Wolfenbarger, works with her. In early November they received a telephone request to put a hold on a camera pawned by Gary M. Elrod. Several days later, they were visited by two deputy sheriffs, Michael Thomas and Harold Sims, a Paul Chatham, whom they had in custody, and Nelson Erdmann, an investigator in the District Attorney's office. When Erdmann asked appellant to show him the camera that was on hold, Mr. Wolfenbarger handed it over. Erdmann showed the camera to Chatham, who indicated that it was the camera he and Elrod had stolen and pawned there earlier.

Erdmann instructed Officer Thomas to write a property receipt. At this point, appellant, John, verbally objected to the officer's taking custody of the camera and tried to grab for it. Erdmann was able to keep the camera out of his reach. John then walked to the front of the shop. Erdmann put the camera down on the counter and followed John, as John tried unsuccessfully to lock the front door. He told the officers that they were not leaving the store. After Erdmann told appellant John that he was under arrest for interfering with an officer, a scuffle ensued between the two men, at which time the store's plate glass window was broken.

When the officers returned from placing the husband in their car, Thomas observed Mrs. Wolfenbarger remove the camera from where Erdmann had left it, open a door behind the counter, and throw the camera inside. She blocked the door and would not let the officers have the camera nor get past her to the door, even though they asked her to stand aside several times. The officers arrested her also for interfering with the performance of their duty.

[redacted] For their first assignment of error, the appellants contend the trial court erred in overruling their demurrer to their respective criminal informations. Under this proposition, they argue that they were not charged under the most appropriate statute, and that the informations were insufficient. As to their first point, we need only note that the prosecutor has sole authority to decide under which statute to file charges. *Gowler v. State,* 589 P.2d 682 (Okl.Cr.1978). As to the second point, this Court has repeatedly stated that the test to assess the sufficiency of the information is two-pronged: (1) whether the defendant was in fact misled by it, and (2) whether conviction under it would expose the defendant to the possibility of being put in jeopardy a second time for the same offense. *Jefferson v. State,* 675 P.2d 443 (Okl.Cr.1984). The test is not whether the information could have been made more definite or certain, but whether it contained the elements of the offense. *Short v. State,* 634 P.2d 755 (Okl.Cr.1981). We find that both informations did contain the necessary elements to apprise the appellants of the charges against them. There is nothing in the record to indicate that either appellant was in fact misled by the charges as they were set forth. We also find the informations were sufficient to preclude the possibility of appellants being in further jeopardy for the same offenses.

[redacted] In their second proposition of error, appellants allege the trial court made several erroneous rulings. It is well established that this Court will not disturb the discretionary rulings of the trial court without a showing that such rulings were arbi-

trary or capricious. *Morgan v. State,* 555 P.2d 1307 (Okl.Cr.1976). We will, however, review the record for any fundamental errors resulting from an abuse of discretion. We have done so in the case at hand, and find none. Unfortunately, appellants have chosen to support their allegations merely with lengthy excerpts from the trial transcript. Moreover, they have failed utterly to provide any citations of authority. In the absence of fundamental error, we have often warned that where an appellant cites no authority for his assignments of error, we will not search the books for him. *Brannon v. State,* 670 P.2d 601 (Okl.Cr. 1983). We will not do so now.

 Appellants' third proposition of error, like their second, combines several different allegations which are not clearly presented. They have not cited authority appropriate to elucidate or support their contentions. Again, we will not consider on review arguments which are neither presented clearly nor supported properly. *Hawkes v. State,* 644 P.2d 111 (Okl.Cr. 1982). In reviewing the record for fundamental error, we note that none of appellant's requested jury instructions were germane, and they were correctly refused by the trial court. This proposition of error is without merit.

This Court finds no reversible errors and AFFIRMS the jury verdicts. Both cases are REMANDED, however, to the trial court to correct the judgment and sentence decrees. Both decrees recite that appellants were convicted of "Interfering with a Police Officer." The offense on which the appellants were convicted was "Obstructing a Public Officer in the Performance of His Duty."

BRETT and BUSSEY, JJ., concur.