Thomas Gene McWILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-86-623.

Court of Criminal Appeals of Oklahoma.

July 28, 1989.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Lee McIntire, Legal Intern, Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

Thomas Gene McWilliams, Appellant, was tried and convicted by jury for the offense of Attempted Escape from Penal Institution, 21 O.S.Supp.1984, § 443(B), in the District Court of Osage County, Case No. CRF–85–76. The jury recommended punishment at eighteen (18) months and the trial court sentenced accordingly.

On May 12, 1985, Appellant was apprehended by prison guards at Conner Correctional Center when he was observed lying in the grass between the two outside perimeter fences. Closer inspection revealed that holes had been cut in both chain link fences. At least one other inmate had made a successful exit through the holes that day.

Appellant was originally charged with Attempt to Escape From Penitentiary under 21 O.S.1981, § 434. After preliminary examination on the matter, the State sought and was granted permission by the trial court to file the amended Information changing the charge from a violation of § 434 to a violation of the more general escape statute, § 443. The State sought the amendment based on its belief that because § 434, the specific attempted escape statute, required proof of "force or fraud", it was not the appropriate charge. The trial court granted the State's request and allowed the case to proceed under § 443. Appellant's request for preliminary examination on the amended Information was denied.

Appellant now objects that he was erroneously bound over for trial by the magistrate after a preliminary examination at which the State presented insufficient evidence. He bases this claim on a statement made by the magistrate coupled with the State's subsequent amendment of the Information.

After hearing Appellant's argument that the elements of the crime had not been met, the magistrate stated:

I think you're right. I think there is some question here, but I think they're fact questions, and not for the Court to decide at this particular hearing.

P.H. Tr.72.

The court ultimately overruled Appellant's demurrer to the evidence finding that:

[I]n the opinion this Court, at least, this crime has been committed, and there's reasonable cause to believe that these two defendants committed it.

*Id.* at 73.

If in fact, as Appellant claims, the magistrate believed that the elements of this crime as charged under § 434 had not been met, he should have either amended the charges at that time or dismissed the Information. Instead, the magistrate found probable cause existed under these circumstances based on the elements of § 434.

We have reviewed the record before us and find that based on the evidence presented to the magistrate there was probable cause to support both the essential preliminary findings on the original charge; that a crime was committed and that the defendant committed the crime. *Holt v. State*, 506 P.2d 561 (Okl.Cr.1973). Our review of the preliminary examination record indicates that sufficient evidence was produced to justify the magistrate's order binding Appellant over for trial on the charges brought under 21 O.S.1981, § 434. Accordingly, when the charges

were amended and brought under a general rather than a specific statutory section, error requiring reversal resulted.

At the outset, we note that there has been great confusion over the proper charge to be filed in both escape and attempted escape cases. *See* Oklahoma Uniform Jury Instructions—Criminal, at 238 (1981) (Commission Comment). This confusion results because the statutes in question all appear to deal with only very specific sets of circumstances. Because we believe that, notwithstanding the confusing statutes, the legislature intended attempted escape to be a crime subject to prosecution, we will read these statutes in that context.

■ Section 434, dealing with attempted escapes, requires a finding that the attempt was made through either "force or fraud." It is this element which Appellant claims is absent from the case against him. We do not agree. According to *Black's Law Dictionary* 594 (5th Ed.1979), fraud may be found when a person sets out to intentionally deceive or circumvent another. "It is something said, done, or omitted by a person with the design of perpetrating what he knows to be a cheat or deception." *Id.* Certainly the facts in this case fit that definition. Appellant went through the outer fence and into a restricted area with the intent to escape lawful custody. He did this by secreting himself in the grass and attempting to avoid detection. This is sufficient deceptiveness "prejudicial to the general welfare" to justify a finding of fraud. *Id.*

Under the amended Information, Appellant was charged under the escape statute 21 O.S.Supp.1984, § 443, coupled with the general attempt provisions of 21 O.S.1981, § 42. Section 11 of Title 21 mandates that a crime be brought under specific statutory provisions rather than more general codifications. *Jones v. State*, 507 P.2d 1267 (Okl.Cr.1973). *Matthews v. Raines*, 356 P.2d 783 (Okl.Cr.1960).

■ We find that the Information was brought under the correct statute as it was originally filed. It was error to allow the amendment changing the charge from the specific section concerning attempted escape to the more general resulting charge. This error cannot be harmless because the potential maximum punishment which results under § 443 is greater than the maximum punishment under § 434. We cannot say what effect this difference in allowable punishments may have had on the jury.

Based on the foregoing, we find that Appellant's judgment and sentence must be REVERSED and REMANDED for a new trial not inconsistent with this opinion.

PARKS, P.J., and BRETT, J., concur.

LUMPKIN, J., dissents.

LUMPKIN, Judge, dissenting.

I respectfully dissent to the Court's determination that the conviction of Appellant must be reversed and remanded for a new trial.

The Court finds that "[S]ection 11 of Title 21 mandates that a crime be brought under specific statutory provisions rather than more general codifications". However, 21 O.S.1981, § 11 relates to provisions in other chapters of the laws of this state, i.e. penal provisions not contained in Title 21, the Oklahoma Penal Code. Section 11 goes further and states in the second sentence, "But an act or omission which is made punishable in different ways by different provisions *of this code* may be punished under either of such provisions, except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one; . . ." (emphasis added). Both of the statutory provisions addressed in this case are contained in Title 21, The Oklahoma Penal Code. The provisions of 21 O.S.1981, § 11 allow election by the prosecutor under which statute the charges will be filed and prosecuted. *Krause v. State*, 75 Okl.Cr. 381, 132 P.2d

**1373**

179, 181 (1942). In fact, the prosecutor has the sole authority to decide under which statute to file charges. *Dangerfield v. State,* 742 P.2d 573, 574 (Okl.Cr.1987), *Wolfenbarger v. State,* 710 P.2d 114, 115 (Okl.Cr.1985). I do agree with the Court that the Appellant could have been prosecuted under the provisions of 21 O.S.1981, § 434. However, pursuant to the above cited authority, the prosecutor is vested with the right to elect under which statute the charges are to be prosecuted. Therefore, the conviction should be AFFIRMED.