Roy L. BOWMAN, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–89–1104.

Court of Criminal Appeals of Oklahoma.

March 26, 1990.

Dick W. Tannery, Lawton, for petitioner.

Attorney Gen., Oklahoma City, for respondent.

## ORDER GRANTING POST–CONVICTION RELIEF

Petitioner has appealed to this Court from an order of the District Court of Comanche County denying his Application for Post–Conviction Relief in Case No. CRF–76–202.

On May 17, 1976, Petitioner was tried by jury and convicted of Second Degree Murder and sentenced to an indeterminate term of forty (40) years to life, pursuant to 21 O.S.Supp.1973, § 701.4. On September 17, 1976, the trial court ruled this sentence invalid as an ex post facto sentence under 21 O.S.Supp.1976, § 701.9(B) and re-sentenced Petitioner to an indeterminate sentence of ten (10) years to life. Petitioner perfected a direct appeal of his conviction and this Court affirmed the judgment and sentence of the trial court. *Bowman v. State,* 585 P.2d 1373 (Okl.Cr.1978). Petitioner subsequently filed an application for post-conviction relief in February 1985, and in June 1985. The trial court denied relief in each case. A third application was filed in June 1989 and denied in September 1989. At that hearing, the trial court found that Petitioner's indeterminate sentence of ten (10) years to life was improper under 57 O.S.Supp.1986, § 353 and that pursuant to 22 O.S.1981, § 1085, Petitioner was to be resentenced to a determinate sentence. The trial court then sentenced Petitioner to life imprisonment. It is this ruling which Petitioner now appeals.

■ We find that Petitioner is entitled to relief in this case as he was properly sentenced in September 1976 to an indeterminate sentence of ten (10) years to life. It is a well established rule of law that the appropriate criminal penalty is the penalty in effect at the time the defendant commits the crime. *Penn v. State,* 13 Okl.Cr. 367, 164 P. 992 (1917); *Alberty v. State,* 10 Okl.Cr. 616, 140 P. 1025 (1914). Here the

offense was committed in February 1976, when the penalty for second degree murder was a mandatory indeterminate term of 10 years to life, pursuant to 21 O.S.Supp.1973, § 701.4. This provision was repealed in 1976, and replaced with Section 701.9 providing for a determinate sentence of not less than ten years nor more than life. However, as the effective date of July 24, 1976, came after the time when Petitioner had been convicted and sentenced, it does not apply to the present case. *Okla. Const. art. V, § 54.*

■ Petitioner argues that he is entitled to have his sentence modified to the minimum of ten (10) years because of this Court's recent rulings regarding the application of indeterminate sentence provisions of 57 O.S.1981, § 353. Petitioner is correct in the conclusion that Section 353 does not apply, but misses the mark in his reasons why. Section 353 provides for the imposition by judge or jury of an indeterminate sentence upon conviction of an offense. This Court has held that a *trial court* may not set an indeterminate sentence where a life sentence is the maximum imposed for the reason that it is not possible to calculate one-third of a life sentence. *See White v. State,* 774 P.2d 1072 (Okl.Cr.1989) That is not the issue, however, in the present case. At the time Petitioner committed the offense and was sentenced, both 21 O.S. Supp.1973, § 701.4 and 57 O.S.1971, § 353 provided punishment upon a criminal conviction. It is a basic rule of statutory construction that when there are two statutes on the same subject, the more specific of the two provisions controls. *Short v. State,* 560 P.2d 219, 221 (Okl.Cr.1977); *Holder v. State,* 556 P.2d 1049, 1053 (Okl. Cr.1976); *Brown v. State,* 546 P.2d 1023, 1026 (Okl.Cr.1976). Therefore the specific provisions for the punishment for second degree murder in 21 O.S.Supp.1973, § 701.4 controls over the general sentencing provisions of Section 353. By this decision, we do not mean to rule on the general applicability of Section 353. This order is limited to the Petitioner's case and similiar cases of second degree murder, committed between May 17, 1973, and July 24, 1976, wherein the sentence to be imposed was limited to an indeterminate term of ten years to life pursuant to 21 O.S.Supp.1973, § 701.4.

IT IS THEREFORE THE ORDER OF THIS COURT that this matter is REVERSED and REMANDED to the District Court with instructions to correct Petitioner's record and show his sentence to be an indeterminate sentence of ten (10) years to life.

IT IS SO ORDERED.

/s/James F. Lane
JAMES F. LANE, VICE PRESIDING JUDGE
/s/Tom Brett
TOM BRETT, JUDGE
/s/Gary L. Lumpkin
GARY L. LUMPKIN, JUDGE
/s/Charles A. Johnson
CHARLES A. JOHNSON, JUDGE