16 F.3d 415
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hilton Roy BABER, Petitioner-Appellant,
v.
Dan REYNOLDS, Attorney General for the State of Oklahoma,
Respondent-Appellee.
 No. 93-5175.
 United States Court of Appeals, Tenth Circuit.
 Jan. 28, 1994.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on petitioner Hilton Roy Baber's motion for leave to proceed in forma pauperis on appeal without payment of costs or fees.
 
 
 3
 To succeed on his motion, petitioner must show both the financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(d); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962).
 
 
 4
 Petitioner alleges denial of equal protection because the indeterminate sentences of ten years to life, imposed based on his guilty pleas to two charges of second degree murder, are illegal. Petitioner pleaded guilty to the second degree murder of two persons who died in August 1975; the penalty statute in effect at the time he committed the crimes provided that one convicted of second degree murder be sentenced to not less than (10) years nor more than life. Okla. Stat. tit. 21, 701 (Supp.1973) (repealed). Petitioner was sentenced under the statute in effect at the time the crimes were committed. By the time petitioner was sentenced the sentencing statute had been changed, and no longer provided for indeterminate sentencing. However, as the district court noted in its order denying the petition, under Oklahoma case law, the law in force at the time a crime is committed governs the punishment to be imposed. See Bowman v. State, 789 P.2d 631 (Okla.Crim.App.1990). Petitioner cannot show he was treated different from other persons who committed the same type crime during the period the statute governing petitioner's offense was in effect. Hence, he has no constitutional equal protection claim.
 
 
 5
 We conclude that petitioner can make no rational argument on the law or facts in support of the equal protection issue raised on appeal. Therefore, the motion for leave to proceed on appeal without prepayment of costs or fees is denied. The appeal is dismissed.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----