F I L E D
United States Court of Appeals
Tenth Circuit

MAR 19 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY COTTEN,

          Petitioner - Appellant,

v.

RONALD J. CHAMPION, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

          Respondents - Appellees.

No. 98-7102

(E.D. Oklahoma)

(D.C. No. CV-95-577-B)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Terry Cotten, appearing pro se, seeks a certificate of appealability in order to appeal from the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus. [1]  Because Cotten has failed to make "a substantial showing of the denial of a constitutional right," we deny his application for a certificate of appealability and dismiss this appeal.  28 U.S.C. § 2253(c)(2).

In December 1976, an Oklahoma state jury convicted Cotten and a codefendant of second degree murder in connection with a robbery and killing which occurred in May 1976.  Pursuant to the statute in effect at the time the offense was committed, the trial judge sentenced Cotten to an indeterminate sentence of ten years to life.     See Okla. Stat. tit. 21, § 701.4 (repealed July 24, 1976).  Cotten and his codefendant perfected direct appeals, and the Oklahoma Court of Criminal Appeals upheld their convictions.       Riggle v. State  , 585 P.2d 1382 (Okla. Crim. App. 1978).

In November 1995, Cotten filed this federal habeas petition.  He argued that his indeterminate sentence of ten years to life should be modified to a determinate ten-year term.  He contended the indeterminate sentence was unconstitutional under   White v. State  , 774 P.2d 1072 (Okla. Crim. App. 1989), despite our decision in    Murray v. Cowley  , 913 F.2d 832 (10th Cir. 1990)

_____

[1]Cotten also filed an application to proceed in forma pauperis.  However, before the application was ruled upon in this court, he paid his fee in full.

(upholding such a sentence under § 701.4, and distinguishing <u>White</u> as involving its successor, Okla. Stat. tit. 21 § 701.9).  Based upon his understanding of <u>White</u>, he argued his sentence was controlled by Okla. Stat. tit 57, § 353, and that he "was not eligible for the indeterminate sentence because the sentence was imposed by the judge and not the jury."  [2]  R. Vol. I, Tab 2.  Cotten also argued that he was fundamentally prejudiced at trial because the State was allowed to change its charge from first to second degree murder, but it was not required to change the charging information, which contained inflammatory language related to the elements of first degree murder.  R. Vol. I, Tab 2.

The State first filed a motion to dismiss based on failure to exhaust.  R. Vol. I, Tab 5.  According to the State, Cotten had filed a similar petition in state court, which the Oklahoma trial court denied because Cotten had failed to raise the issues either in his direct appeal or in his first state habeas petition.  The State then noted that, although Cotten attempted to appeal that denial, his appeal was dismissed as untimely.  Because Cotten could still apply for leave to appeal out of time, the State contended that he had failed to exhaust his state remedies.  The

---

[2]Cotten failed to note that a later decision by the Oklahoma Court of Criminal Appeals confirmed that the more specific law in effect at the time the offense was committed governs the sentencing.  <u>See</u> <u>Bowman v. State</u>, 789 P.2d 631 (Okla. Crim. App. 1990) (applying the identical provision under which Cotten was sentenced).

magistrate judge disagreed, finding that Cotten had exhausted his state remedies. Id., Tab 7.

After Cotten filed an amended petition, the State filed its response, this time arguing a procedural bar. Id., Tab 11. In support, the State noted the following: Cotten had filed a total of four state court petitions for post conviction relief; the first in 1985, the second in 1989, the third in 1990, and the fourth in 1995. Each was denied, but Cotten properly appealed only the first denial. R. Vol. I, Tab 11 at 1-2 & Ex. A. The State argued that Cotten's untimely appeal of the trial court's denial of his fourth petition, which raised the same issues he sought to raise in his federal petition, resulted in a dismissal of that appeal based on adequate and independent state grounds. In his responsive filings, Cotten claimed he did not receive notice of the court's denial until after the appeal period had run; therefore, his untimely appeal was due to no fault of his own.[3] He also contended that the trial court's denial was erroneous, since his sentencing claim was based on the 1989 Oklahoma Court of Criminal Appeals decision in White v. State.[4]

---

[3]The copy of the trial court's order, submitted by both Cotten and the State, does not include a certificate of mailing to Cotten. R. Vol. I, Tab 11, Ex. A.

[4]However, he offered no excuse or explanation for his failure to timely raise the issue related to the allegedly inflammatory information.

Finding that Cotten had failed to show cause and actual prejudice, or a fundamental miscarriage of justice, the magistrate judge recommended the dismissal of Cotten's petition as procedurally barred. Cotten filed objections in which he summarily claimed cause, prejudice, and fundamental miscarriage of justice. After conducting a de novo review, the district court adopted the magistrate judge's recommendations.

In this appeal, Cotten reiterates the conclusory arguments set out in his objections to the magistrate judge's recommendations. Having thoroughly reviewed the record, we agree with the district court's conclusions. Cotten's protestations do not satisfy the requirements of cause and actual prejudice as set forth in Coleman v. Thompson, 501 U.S. 722, 750 (1991). Nor has he shown any fundamental miscarriage of justice. See Gilbert v. Scott, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991).

Accordingly, we DENY the certificate of appealability and DISMISS the appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge