2006 OK CR 31

**Avery Lloyd FRANKS, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. S–2005–607.**

Court of Criminal Appeals of Oklahoma.

July 26, 2006.

Scott Gengras, Assistant District Attorney, Tulsa, OK, Counsel for the State at trial and appeal.

Aaron Goodman, Assistant Public Defender, Tulsa, OK, Counsel for Appellee at trial.

Stuart Southerland, Assistant Public Defender, Tulsa, OK, Counsel for the State on appeal.

## SUMMARY OPINION

LUMPKIN, Vice–Presiding Judge.

¶ 1 Avery Lloyd Franks was charged with the crime of Petit Larceny, after former conviction of Petit Larceny, in the District Court of Tulsa County, Case Number CF–2004–5303, in violation of 21 O.S.2001, § 51.3(3). The crime is a felony punishable by imprisonment for a term not exceeding five (5) years. The information listed three prior convictions: grand larceny; petit larceny, afcf; and larceny of merchandise from a retailer.

¶ 2 The facts are fairly simple. Dillard's Department Store security personnel caught Franks stealing merchandise. Franks entered a dressing room with store goods. He then exited with his jacket off, but rolled up into a big ball. When confronted, security officers found three pair of jeans and two sweaters inside the jacket, with a total price of $320.

¶ 3 Franks was bound over for trial after preliminary hearing, despite his demurrer to the sufficiency of the evidence. Thereafter, at the District Court arraignment, Franks moved to quash the information. The preliminary hearing was passed for a hearing on said motion, and a written motion to quash was filed wherein Franks claimed the evidence was insufficient to establish a crime had been committed or reasonable cause to believe he had committed it. The trial judge overruled the motion. Franks was then arraigned, but stood mute. The trial judge entered a plea on Franks's behalf and set the matter for trial.

¶ 4 On the day of trial, defense counsel re-urged his motion to quash, arguing the appropriate charge was the "more specific" crime of larceny of merchandise from a retailer, second offense, a misdemeanor. The trial judge sustained the motion, treating it as a timely motion to quash due to the fact that Franks had stood mute and never entered a plea. The trial judge ruled "the evidence at trial more properly reflected the offense of larceny of merchandise from a retailer, second offense." He ordered the case transferred to misdemeanor court and the State to file an amended information. The State then filed this appeal under 22 O.S.Supp.2002, § 1053.[1]

¶ 5 Appellant raises the following proposition of error: the District Court's ruling sustaining Franks's motion to quash and ordering the State to amend the charge to misdemeanor larceny of merchandise from a retailer, second offense, was erroneous. However, after thoroughly considering this proposition and the entire record before us, including the original record, transcripts, and briefs of the parties, we find no relief is required.

¶ 6 This case pits two legal principles against each other. The first is the well-recognized principle that prosecutors have broad discretion in deciding what charges to bring,[2] a principle with which we heartily agree. The second principle arises under common law and provides that specific statutes control general ones. This second

---

1. This State appeal is properly brought under 22 O.S.Supp.2002, § 1053(1) and (3).

2. See, e.g., Leech v. State, 2003 OK CR 4, ¶ 6, 66 P.3d 987, 993 ("Our criminal justice system allots wide discretion to prosecutors to determine the appropriate charge for any person accused of committing a crime. This discretion is bounded on the one hand by the Legislature's strict definitions of specific crimes, and on the other by a particular defendant's actions."); Childress v. State, 2000 OK CR 10, ¶ 18, 1 P.3d 1006, 1011 ("The decision regarding which criminal charge to bring lies within the wide parameters of prosecutorial discretion."); Carpenter v. State, 1996 OK CR 56, ¶ 23, 929 P.2d 988, 995 ("[T]he decision whether to prosecute and what charge to file is within the discretion of the prosecutor.")

rule comes into play when the charges brought under a more general statute "thwart" the legislative intent in enacting the more specific one. *See Holder v. State,* 1976 OK CR 288, ¶ 18, 556 P.2d 1049, 1053 (discussing how we have applied the common law rule that the specific controls the general in several cases where the legislature's objective would be thwarted otherwise).

¶ 7 In the instant case, the prosecutor charged Franks under the general petit larceny statute (via the recidivist provision in 21 O.S.2001, § 51.3(3)) rather than the more specific crime of larceny of merchandise from a retailer, second offense, under 21 O.S.2001, § 1731(2). This was wrong and thwarted the legislature's intent that larceny crimes from retail outlets should be brought under section 1731. *See Jones v. State,* 1973 OK CR 118, ¶ 8, 507 P.2d 1267, 1270 (where the Court recognized error in a similar situation, although it was harmless under former versions of the statutes involved); *Satepeahtaw v. State,* 1979 OK CR 47, ¶ 11, 595 P.2d 805, 808 (citing *Jones* for the principle that one who commits larceny from a retailer necessarily violates the general larceny statute, but should be prosecuted under the specific statute). The trial judge's ruling was therefore correct and cannot be considered an abuse of discretion.

### DECISION

¶ 8 The State's requested relief is hereby **DENIED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2006), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

CHAPEL, P.J. and C. JOHNSON, A. JOHNSON, LEWIS, JJ.: concur.