**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ISAIAH C. HAMBURGER,

    Petitioner - Appellant,

v.

JOE M. ALLBAUGH, Director,

    Respondent - Appellee.

No. 16-6281
(D.C. No. 5:13-CV-00921-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Isaiah Hamburger seeks a certificate of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the appeal.

Hamburger was convicted in Oklahoma state court of lewd acts with a child under twelve. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on direct appeal. Hamburger filed a § 2254 petition in the district court raising several grounds for relief. The district court denied the petition and declined to grant a COA. Hamburger now seeks a COA from this court.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Hamburger must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). To obtain relief under § 2254, a petitioner must show that state court adjudication either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1), (2).

Hamburger argues that the trial court improperly admitted a recording of a forensic interview of the victim. To the extent that this argument is based on an alleged violation of Okla. Stat. tit. 12, § 2803.1, which requires a finding of reliability of child victim statements prior to admission, such a claim is not cognizable under § 2254. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Instead, we look only to whether a claimed evidentiary error was "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002) (quotation and alteration omitted).

2

The Supreme Court has identified several factors relevant in determining whether a child victim's interview is sufficiently reliable. Idaho v. Wright, 497 U.S. 805, 821-22 (1990) (identifying "spontaneity and consistent repetition," "mental state of the declarant," "use of terminology unexpected of a child of similar age," and "lack of motive to fabricate") abrogated on other grounds by Crawford v. Washington, 541 U.S. 36, 68-69 (2004). The OCCA reasonably weighed these factors in concluding the interview was admissible. Hamburger complains that the interviewer did not specifically discuss the difference between truth and lies with the victim. The interviewer testified that although some jurisdictions prefer such a discussion, it is not required by protocol. Hamburger does not direct us to any clearly established federal law indicating that this factor alone renders a statement unreliable. Accordingly, his claim fails.

Hamburger also argues that admission of the interview violated his rights under the Confrontation Clause. But Hamburger was afforded his right to confront the victim and cross-examine her. See Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986). The victim testified at trial in a manner generally consistent with the interview. Defense counsel cross-examined both the victim and the interviewer, identifying several minor inconsistencies in the victim's accounts. Hamburger contends that the victim was not truly available for cross-examination because she should have been deemed incompetent to testify. But he does not identify any authority for the proposition that the Confrontation Clause is offended when a witness is reasonably determined competent to testify under state law and is actually

3

subject to cross-examination.  See Delaware v. Fensterer, 474 U.S. 15, 20 (1985) ("[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.").

Lastly, Hamburger contends that he should have been charged with the lesser offense of oral sodomy.  Under Oklahoma law, a prosecutor must charge a more specific crime only if "charges brought under a more general statute thwart the legislative intent."  State v. Franks, 140 P.3d 557, 559 (Okla. Crim. App. 2006) (quotation omitted).  As noted above, however, § 2254 relief is not available for violations of state law.  McGuire, 502 U.S. at 67.  Under federal law, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); see also United States v. Parsons, 967 F.2d 452, 456 (10th Cir. 1992) ("Prosecutors are not required to prosecute under another statute perhaps covering the same wrongful acts merely because the other statute imposes a lesser penalty.").

Because reasonable jurists could not debate the district court's denial of

4

habeas relief, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge