STATE v. GREENOUGH



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. GREENOUGH

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. GREENOUGH
2020 OK CR 19
Case Number: PR-2020-389
Decided: 09/17/2020
STATE OF OKLAHOMA, Petitioner v. GREENOUGH, Respondent.
Cite as: 2020 OK CR 19, __ __

 

STATE OF OKLAHOMA, ex rel. STEVE KUNZWEILER, District Attorney, Petitioner,
v.
THE HONORABLE KELLY GREENOUGH, District Judge, Respondent.

OPINION GRANTING EXTRAORDINARY RELIEF

HUDSON, JUDGE:

¶1 Trevon Weaver is the defendant in Tulsa County District Court Case No. CF-2019-3404. The State charged him with Domestic Assault and Battery by Strangulation (21 O.S.Supp.2014, § 644(J)) and Assault and Battery in a Manner Likely to Produce Death (21 O.S.2011, § 652(C)).

¶2 At preliminary hearing, Weaver's girlfriend, Victoria Burnett, testified that on April 2, 2019, she was strangled by Weaver during an argument. Burnett testified Weaver squeezed her throat with his hands hard enough that it interfered with her ability to breathe. Burnett testified that on July 13, 2019, she was again strangled during the course of another argument with Weaver. Burnett testified that this time "he strangled me so hard the blood vessels in my eyes popped" and that she lost consciousness.

¶3 The State charged Weaver with domestic assault and battery by strangulation for the first alleged incident and assault and battery in a manner likely to produce death for the second. Domestic assault and battery by strangulation, for a first offense, is punishable by one to three years imprisonment under 21 O.S.Supp.2014, § 644(J). Assault and battery by means likely to produce death is punishable by imprisonment for up to life under 21 O.S.2011, § 652(C).

¶4 Weaver filed a motion to quash. He argued that the appropriate charge for each of the alleged acts was domestic assault and battery by strangulation because that charge is "more specific" than assault and battery by means likely to produce death.

¶5 Weaver relied primarily on McWilliams v. State, 1989 OK CR 39, 777 P.2d 1370. There, McWilliams was charged with attempting to escape from a penitentiary in violation of 21 O.S. § 434. Following preliminary hearing, the State was permitted to amend the information to allege a violation of a more general escape statute, 21 O.S. § 443(B). We found it was reversible error to allow the State to proceed under the more general statute. Our decision was based on the belief that "Section 11 of Title 21 mandates that a crime be brought under specific statutory provisions rather than more general codifications." McWilliams, 1989 OK CR 39, ¶ 10, 777 P.2d at 1372.

¶6 In a written order requiring the State to amend the charge, the trial court understandably found that McWilliams "controlled." In announcing the decision from the bench, Judge Greenough sought clarification: "I think this is an interesting issue for the Court of Criminal Appeals, so I would heartily urge the State to seek relief and get clarification on this issue because it is an issue that I am seeing a lot of right now."

¶7 Upon further consideration, we find that McWilliams was wrongly decided. There is nothing remarkable about the tenet recognizing that the specific controls over the general. See, e.g., Bowman v. State, 1990 OK CR 19, ¶ 4, 789 P.2d 631, 632 ("It is a basic rule of statutory construction that when there are two statutes on the same subject, the more specific of the two provisions controls."). However, resort to rules of construction is unfounded where the text of the statute is clear. See State v. Farthing, 2014 OK CR 4, ¶ 7, 328 P.3d 1208, 1210-11 (where there is no ambiguity in the language of the statute, "[u]se of canons of construction to fabricate a different result is improper").

¶8 We find no ambiguity in 21 O.S.Supp.2019, § 11. Section 11 specifically authorizes prosecution under any provision of the penal code where more than one section of the code is applicable. Section 11 provides:

If there be in any other provision of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this title any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this title. But an act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions, except that in cases specified in Sections 51.1 and 54 of this title, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can a criminal act or omission be punished under more than one section of law; and an acquittal or conviction and sentence under one section of law, bars the prosecution for the same act or omission under any other section of law.

¶9 As pointed out by Judge Lumpkin in his dissenting opinion in McWilliams, Section 11

relates to provisions in other chapters of the laws of this state, i.e. penal provisions not contained in Title 21, the Oklahoma Penal Code. Section 11 goes further and states in the second sentence, "But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one; ..." (emphasis added). Both of the statutory provisions addressed in this case are contained in Title 21, The Oklahoma Penal Code. The provisions of [Section 11] allow election by the prosecutor under which statute the charges will be filed and prosecuted.

McWilliams, 1989 OK CR 39, ¶ 2, 777 P.2d at 1372 (Lumpkin, J. dissenting). McWilliams' holding to the contrary is hereby overruled.

¶10 Prosecutors have broad discretion to choose what charges to file. See Childress v. State, 2000 OK CR 10, ¶ 18, 1 P.3d 1006, 1011 ("The decision regarding which criminal charge to bring lies within the wide parameters of prosecutorial discretion."); Wolfenbarger v. State, 1985 OK CR 143, ¶ 5, 710 P.2d 114, 115 ("the prosecutor has sole authority to decide under which statute to file charges"). See also Leech v. State, 2003 OK CR 4, ¶ 6, 66 P.3d 987, 993 (Chapel, J. dissenting) ("This discretion is bounded on one hand by the Legislature's strict definitions of specific crimes, and on the other by a particular defendant's actions.").

¶11 We recognize that prosecutorial discretion regarding charging decisions is not limitless. For example, in State v. Franks, 2006 OK CR 31, 140 P.3d 557, we upheld the trial court where it granted a motion to quash and ordered the State to file an amended charge. There, the State alleged that Franks stole clothing worth $320 from a retailer. It charged him with petit larceny, a felony in violation of 21 O.S. § 51.3(3). The trial court granted Franks' motion to quash reasoning that the "more specific" and therefore the appropriate charge was larceny of merchandise from a retailer, a misdemeanor in violation of 21 O.S. § 1731. In deciding the State's appeal, we concluded that the trial court's decision was correct because allowing the State to proceed on the felony charge would have "thwarted" the legislature's intent that larceny crimes from retail outlets should be brought under Section 1731 rather than under the general petit larceny statute. Franks, 2006 OK CR 31, ¶ 7, 140 P.3d at 559.

¶12 We make no such finding here. "[I]t is within the Legislature's authority to write laws so that a particular course of conduct might be prosecutable under more than one provision." State v. Haworth, 2012 OK CR 12, ¶ 18, 283 P.3d 311, 317. Domestic assault and battery by strangulation requires the State to prove, among other things, the intent to cause great bodily harm. Assault and battery in a manner likely to produce death requires proof of such force likely to produce death. See Instruction Nos. 4-26(D) and 4-7, OUJI-CR (2d), respectively. Depending on the circumstances, strangulation could fall within either statute. That the statutes may prohibit the same criminal acts, and in instances overlap, does not act to limit prosecutorial discretion regarding what charge is appropriate in a particular case. See Jones v. State, 1947 OK CR 39, 179 P.2d 484, 489 ("[W]e have often held that one committing a crime may violate more than one statute, and it is within the discretion of the county attorney to determine under which statute charges will be preferred"); State v. Bunch, 1922 OK CR 139, 214 P. 1093 (Syl. 2) ("As between specific statutes prescribing different penalties for any offense, the state may elect to try an offender under either statute."). Nothing prohibits the prosecutor from making such a choice here.

¶13 For a writ of prohibition Petitioner has the burden of establishing (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. See Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020). Based on the foregoing, we find Petitioner has met this burden. Accordingly, Petitioner's request for issuance of a writ of prohibition is GRANTED.

AN APPEAL FROM THE DISTRICT COURT
OF TULSA COUNTY
THE HONORABLE KELLY GREENOUGH, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 CHARLES PRATHER
 ATTORNEY AT LAW
 1711 EAST 33RD PLACE
 TULSA, OK 74105
 COUNSEL FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 KEVIN KELLER
 ASST. DISTRICT ATTORNEY
 500 SOUTH DENVER STE 900
 TULSA, OK 74103
 COUNSEL FOR PETITIONER
 
 
 
 
 ASHLEY NIX
 ASST. DISTRICT ATTORNEY
 500 SOUTH DENVER STE 900
 TULSA, OK 74103
 COUNSEL FOR STATE
 
 
 CHARLES PRATHER
 ATTORNEY AT LAW
 1711 EAST 33RD PLACE
 TULSA, OK 74105
 COUNSEL FOR RESPONDENT
 
 
 

 

OPINION BY: HUDSON, J.
LEWIS, P.J.: SPECIALLY CONCUR
KUEHN, V.P.J.: SPECIALLY CONCUR
LUMPKIN, J.: CONCUR
ROWLAND, J.: CONCUR

KUEHN, V.P.J., SPECIALLY CONCURRING:

¶1 I specially concur in this case to underscore the longstanding holding that prosecutors have discretion to choose which provision of the criminal code to employ when more than one provision might apply. State v. Haworth, 2012 OK CR 12, ¶ 18, 283 P.3d 311, 317; Tracy v. State, 1923 OK CR 201, 216 P. 941, 944. Reliance on McWilliams v. State, 1989 OK CR 39, 777 P.2d 1370 is misplaced because McWilliams is an outlier.

¶2 It is worth noting that the defendant did not simply argue below that the more specific statute must be used; he argued that the more specific statute must be used, but only if it benefitted the defendant by providing a more lenient sentence range. In any event, the facts of the crime here completely supported the State's choice to prosecute Count 3 under 21 O.S.2011, § 652(C). The defendant's conduct went beyond that which would support a charge under Section 644(J). The defendant didn't just grab his victim by the throat; he choked her until she lost consciousness, and caused damage to her eyes. The allegations themselves take the defendant's culpability to a higher level.

¶3 I am authorized to state Presiding Judge Lewis joins in this Specially Concurring separate writing.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1989 OK CR 39, 777 P.2d 1370, McWILLIAMS v. STATE
Discussed at Length
 1990 OK CR 19, 789 P.2d 631, BOWMAN v. STATE
Discussed
 1923 OK CR 201, 216 P. 941, 24 Okl.Cr. 144, Tracy v State
Discussed
 1922 OK CR 139, 214 P. 1093, 23 Okl.Cr. 388, State v Bunch
Discussed
 2003 OK CR 4, 66 P.3d 987, LEECH v. STATE
Discussed
 2006 OK CR 31, 140 P.3d 557, STATE v. FRANKS
Discussed at Length
 2012 OK CR 12, 283 P.3d 311, STATE v. HAWORTH
Discussed at Length
 2014 OK CR 4, 328 P.3d 1208, STATE v. FARTHING
Discussed
 2000 OK CR 10, 1 P.3d 1006, 71 OBJ 1303, Childress v. State
Discussed
 1947 OK CR 39, 179 P.2d 484, 84 Okl.Cr. 81, Jones v State
Discussed
 1985 OK CR 143, 710 P.2d 114, WOLFENBARGER v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 51.3, Repealed
Cited
 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Cited
 21 O.S. 434, Attempting Escape from Penitentiary - Penalty
Cited
 21 O.S. 443, Escape from Penal Institutions - Juvenile Escape
Cited
 21 O.S. 644, Punishment for Assault and Battery
Discussed
 21 O.S. 652, Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Discussed at Length
 21 O.S. 1731, 21 1731, Larceny of Merchandise from Retailer or Wholesaler - Punishment - Subsequent Convictions
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA